CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

OCT 15 2020
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR WESTERN DISTRICT OF VIRGINIA
## DANVILLE DIVISION

| | |
|---|---|
| **MELVIN CLARK,** | ) |
| | ) |
| **JAY N. BUSEY,** | ) |
| | ) |
| **KELLY S. CAIN,** | ) |
| | ) |
| **JESSE V. CANNADAY,** | ) |
| | ) |
| **CHARLES WILLIAM CUBBERLEY, JR.,** | ) |
| | ) |
| **CALVERT FULCHER, JR.,** | ) |
| | ) |
| **HERMAN ELLSWORTH HALEY, JR.** | ) |
| | ) |
| **JOHN W. JOHNSON,** | ) |
| | ) |
| **DAVE P. MADDOX,** | ) |
| | ) |
| **DOUG I. PAYNE,** | ) |
| | ) |
| **WILLIAM G. PERDUE,** | ) |
| | ) |
| **WILLIAM A. SIBBICK, JR.,** | ) |
| | ) |
| **ROBERT J. SMITH,** | ) |
| | ) |
| **ALEXANDER TEGLAS, JR.,** | ) |
| | ) |
| **ROBERT ANTHONY VANORE,** | ) |
| | ) |
| **LARRY E. WEBB, JR.,** | ) |
| | ) |
| **And** | ) |
| | ) |
| **JOHN HART MATTHEWS, TRUSTEE OF THE JOHN CRAIG MATTHEWS 1998 IRREVOCABLE TRUST,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |

Civil Action No. 4:20CV00063

**JURY TRIAL DEMANDED**

1

**STANLEY FURNITURE COMPANY LLC,**                                                          )
)
)
)
     **Serve: Delaware Corporation**                                        )
             **Organizers, Inc.**                                          )
             **Registered Agent**                                      )
             **P.O. Box 1347**                                          )
             **1201 North Market Street**                       )
             **Floor 18**                                                  )
             **Wilmington, DE  19801**                           )
)
**STANLEY INTERIORS CORPORATION DEFERRED COMPENSATION CAPITAL ENHANCEMENT PLAN,**     )
)
)
)
)
     **Serve: Delaware Corporation**                                        )
             **Organizers, Inc.**                                          )
             **Registered Agent**                                      )
             **P.O. Box 1347**                                          )
             **1201 North Market Street**                       )
             **Floor 18**                                                  )
             **Wilmington, DE  19801**                           )
)
**STONE & LEIGH, LLC,**                                                                      )
)
     **Serve: Richard Gossett**                                             )
     **633 Chestnut St**                                                     )
     **Suite 1900**                                                          )
     **Chattanooga, TN  37450**                                         )
)
**And**                                                                                           )
)
**SUPPLEMENTAL RETIREMENT PLAN OF STANLEY FURNITURE COMPANY, INC.,**             )
)
)
)
     **Serve: Richard Gossett**                                             )
     **633 Chestnut St**                                                     )
     **Suite 1900**                                                          )
     **Chattanooga, TN  37450**                                         )
)
     **Defendants.**                                                         )

2

## COMPLAINT

COME NOW Plaintiffs Melvin Clark; Jay N. Busey; Kelly S. Cain; Jesse V. Cannaday; Charles William Cubberley, Jr.; Calvert Fulcher, Jr.; Herman Ellsworth Haley, Jr.; John W. Johnson; Dave P. Maddox; Doug I. Payne; William G. Perdue; William A. Sibbick, Jr.; Robert J. Smith; Alexander Teglas, Jr.; Robert Anthony Vanore; Larry E. Webb, Jr.; and John Hart Matthews, Trustee of the John Craig Matthews 1998 Irrevocable Trust, and file their Complaint against Defendants Stanley Furniture Company LLC, Stanley Interiors Corporation Deferred Compensation Capital Enhancement Plan, Stone & Leigh, LLC, and Supplemental Retirement Plan of Stanley Furniture Company, Inc., and in support thereof set forth the following:

### INTRODUCTION

1.      Plaintiffs are all former and retired employees of Stanley Furniture Company, Inc.,[1] who were participants of the Stanley Interiors Corporation Deferred Compensation Capital Enhancement Plan ("DCP"), which is attached hereto as **Exhibit A** and incorporated by reference.

2.      Certain Plaintiffs were also participants of the Supplemental Retirement Plan of Stanley Furniture Company, Inc. ("SERP"), which is attached hereto as **Exhibit B** and incorporated by reference; and the Stanley Retirement Plan or Basic Retirement Plan ("BRP"), which is attached hereto as **Exhibit C** and incorporated by reference.

3.      Plaintiffs participating in the DCP deferred certain amounts of their compensation and thereby became entitled to annual payments, to be paid on January 2 of each year, following their retirement. The amounts varied according to factors such as retirement age and the compensation deferred by the employee.

---

[1]      Prior to on or about November 9, 1992, Stanley Furniture Company, Inc. was known as Stanley Interiors Corporation. Now, Stanley Furniture Company, Inc. is known as HG Holdings, Inc.

4.      Plaintiffs participating in the SERP were entitled to monthly retirement benefits calculated by subtracting the benefit they were entitled to under the BRP from the benefit they would have been entitled to under the BRP without regard to certain Internal Revenue Code provisions; the benefit they were entitled to under the BRP varied according to factors such as average compensation and years of service.

5.      On March 2, 2018, Defendant Stanley Furniture Company LLC became Stanley Furniture Company, Inc.'s successor after an asset sale, and thereafter became responsible for the administration of the DCP and SERP; at that point, administration of both Plans was limited to the payment of monies owed because all participants, including Plaintiffs, were retired and neither the DCP nor the SERP were open to additional participants.

6.      On September 6, 2018, Stanley Furniture Company LLC sold certain assets to Defendant Stone & Leigh, LLC. As part of this sale, Stone & Leigh, LLC took over obligations for the SERP, while Stanley Furniture LLC retained obligations for the DCP.

7.      Since Stanley Furniture Company LLC began administering the DCP, Plaintiffs have not been paid what they are owed under the DCP.

8.      In 2019, Stanley Furniture Company LLC failed to pay Plaintiffs the full amount of what they were owed, instead spreading out fractional payments throughout that year, totaling just 5/8 or 62.5% of the amounts owed.

9.      In 2020, Stanley Furniture Company LLC failed to pay Plaintiffs the full amount of what they were owed (as well as the amount still due for 2019), instead only paying a small fraction of what was owed in August 2020.

10.     Stanley Furniture Company LLC has repeatedly assured Plaintiffs that it will pay what Plaintiffs are owed under the DCP but has repeatedly failed to live up to those assurances, such that it has for all practical purposes repudiated any further obligation to Plaintiffs.

11.     Similarly, since May 2020, Stone & Leigh, LLC has failed to pay Plaintiffs the monthly benefits they are owed under the SERP.

12.     Therefore, Plaintiffs have brought this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, to (1) recover the benefits owed to them under the DCP and SERP; (2) enforce their rights under the DCP and SERP; and (3) clarify their rights to future benefits under the DCP and SERP.

13.     In the alternative, to the extent the DCP is not governed by ERISA, Plaintiffs bring common law claims of breach of contract against Stanley Furniture Company LLC to recover past, present, and future damages for the breaches of the individual agreements made pursuant to the DCP as described herein.

## PARTIES

14.     Plaintiff Melvin Clark ("Clark") is a natural person and resident of Virginia.

15.     Plaintiff Jay N. Busey ("Busey") is a natural person and resident of Texas.

16.     Plaintiff Kelly S. Cain ("Cain") is a natural person and resident of Virginia.

17.     Plaintiff Jesse V. Cannaday ("Cannaday") is a natural person and resident of Virginia.

18.     Plaintiff Charles William Cubberley, Jr. ("Cubberley") is a natural person and resident of North Carolina.

19.     Plaintiff Calvert Fulcher, Jr. ("Fulcher") is a natural person and resident of North Carolina.

20.     Plaintiff Herman Ellsworth Haley, Jr. ("Haley") is a natural person and resident of Virginia.

21.     Plaintiff John W. Johnson ("Johnson") is a natural person and resident of Virginia.

22.     Plaintiff Dave P. Maddox ("Maddox") is a natural person and resident of Virginia.

23.     Plaintiff Doug I. Payne ("Payne") is a natural person and resident of Virginia.

24.     Plaintiff William G. Perdue ("Perdue") is a natural person and resident of Virginia.

25.     Plaintiff William A. Sibbick, Jr. ("Sibbick") is a natural person and resident of Virginia.

26.     Plaintiff Robert J. Smith ("Smith") is a natural person and resident of Virginia.

27.     Plaintiff Alexander Teglas, Jr. ("Teglas") is a natural person and resident of North Carolina.

28.     Plaintiff Robert Anthony Vanore ("Vanore") is a natural person and resident of North Carolina.

29.     Plaintiff Larry E. Webb, Jr. ("Webb") is a natural person and resident of North Carolina.

30.     Plaintiff John Hart Matthews ("H. Matthews") is the trustee for the John Craig Matthews 1998 Irrevocable Trust ("Matthews Trust"). H. Matthews' father, John Craig Matthews ("C. Matthews"), was a participant in the DCP who died on February 21, 2019, after the still-unpaid 2019 benefit payment to C. Matthews became due; the remainder of such benefits are now owed to the Matthews Trust.

31.     Plaintiffs join in this single action together, pursuant to Rule 20 of the Federal Rules of Civil Procedure, because they assert relief severally with respect to or arising out of the same

transaction, occurrence, or series of transactions or occurrences, and questions of law or fact common to all plaintiffs will arise in this action.

32.     Defendant Stanley Furniture Company LLC is a Delaware limited liability company with its principal place of business in North Carolina.

33.     Upon information and belief, the sole member of Stanley Furniture Company LLC is Walter Blocker, a resident of the nation of Vietnam.

34.     Defendant Stanley Interiors Corporation Deferred Compensation Capital Enhancement Plan ("Defendant DCP") is an employee benefit plan that, pursuant to 29 U.S.C. § 1132(d), may be sued in its own name as an entity.

35.     Defendant Stone & Leigh, LLC is a Tennessee limited liability company with its principal place of business in North Carolina. The Manager of Stone & Leigh, LLC, Matthew W. Smith, was formerly the interim CEO of Stanley Furniture Company, Inc. (now called HG Holdings, Inc.).

36.     Defendant Supplemental Retirement Plan of Stanley Furniture Company, Inc. ("Defendant SERP") is an employee benefit plan that, pursuant to 29 U.S.C. § 1132(d), may be sued in its own name as an entity.

37.     Plaintiffs join their claims against Defendants, pursuant to Rule 20 of the Federal Rules of Civil Procedure, because:

      a.     Plaintiffs assert rights to relief against Stanley Furniture Company LLC and Defendant DCP jointly and severally; against Stone & Leigh, LLC and Defendant SERP jointly and severally; and against (a) Stanley Furniture Company LLC and Defendant DCP and (b) Stone & Leigh, LLC and Defendant SERP severally;

7

b.      Plaintiffs' claims against Defendants arise out of the same series of transactions or occurrences, including but not limited to their employment with and the prior establishment and administration of the DCP and SERP by Stanley Furniture Company, Inc.; and

c.      Questions of law or fact common to all Defendants will arise in the action, including but not limited to the DCP and SERP's common origination in and administration by Stanley Furniture Company, Inc., the administration of the DCP and SERP by Defendants, and whether Plaintiffs are entitled under ERISA to benefits pursuant to the DCP and SERP and their former employment with Stanley Furniture Company, Inc.

## JURISDICTION AND VENUE

38.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 with respect to Plaintiffs' claims under ERISA, because ERISA is a law of the United States.

39.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1331 with respect to Plaintiffs' common law claims, which are pled in the alternative, because such claims are so related to Plaintiffs' ERISA claims that they form part of the same case or controversy.

40.     Additionally, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) with respect to Plaintiffs' common law claim pled in the alternative against Stanley Furniture Company LLC, because there is complete diversity between Plaintiffs and Stanley Furniture Company LLC.

41.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events, acts, omissions, and other conduct giving rise to Plaintiff's claims occurred in Stanleytown, Henry County, Virginia, which is part of this judicial district.

## FACTS

42.     Stanley Furniture Company LLC traces its history to Stanley Furniture, a company founded in 1924 in Henry County, Virginia. The company's connection with Virginia was so strong that the community around the factory developed into Stanleytown, Virginia.

43.     By 1984, Stanley Furniture had become Stanley Interiors Corporation.

44.     On or about November 9, 1992, Stanley Interiors Corporation changed its name to Stanley Furniture Company, Inc.

45.     On March 2, 2018, Stanley Furniture Company, Inc., sold substantially all of its assets to Churchill Downs LLC, pursuant to the terms of an Asset Purchase Agreement.

46.     As part of the asset sale, Churchill Downs LLC assumed responsibility for the administration of the DCP and the SERP, which solely required paying the participants, who by 2018 had all retired or otherwise terminated their employment with Stanley Furniture, their entitled benefits.

47.     In addition, the DCP provides: "The terms and condition of this Plan and each Agreement shall enure to the benefit of and bind Stanley Interiors Corporation, the Participants, their successors, assignees, and personal representatives. If substantially all of the assets of the Company are acquired by another corporation or entity . . . then the obligations created hereunder and as a result of the Company's acceptance of Agreements shall be obligations of the successor corporation or entity."

48.     After the asset sale described above, Stanley Furniture Company, Inc. changed its name again, becoming HG Holdings, Inc.

49.     Churchill Downs LLC likewise changed its name and is now known as Stanley Furniture Company LLC, doing business (as Stanley Furniture Company, Inc., did before it) as Stanley Furniture.

50.     On September 6, 2018, Stanley Furniture Company LLC sold certain assets to Defendant Stone & Leigh, LLC. As part of this sale, a newly formed company, Stone & Leigh, LLC, took over obligations for the SERP, while Stanley Furniture LLC retained the obligations for the DCP.

51.     The manager of Stone & Leigh, LLC is Matthew W. Smith, who was formerly the interim CEO of Stanley Furniture Company, Inc. (now called HG Holdings, Inc.).

<b>The Deferred Compensation Plan</b>

52.     In late 1985, Stanley Furniture Company, Inc. (then known as Stanley Interiors Corporation) developed the DCP, to become effective January 1, 1986. The purpose of the DCP was to aid the company "in attracting and retaining key employees."

53.     At the time of its creation, the sole administrator of the DCP was an Administrative Committee, to be appointed by Stanley Interiors Corporation's Board of Directors.

54.     The DCP allowed for eligible employees to defer a minimum amount of $10,000.00 and a maximum amount of 40% of the employee's annual base salary over a two-year period, which the DCP defined as a "cycle."

55.     The "cycle" became vested if it began at least seven years before the employee retired or left the company prior to attaining the age of 55.

56.     The DCP provided for both pre-retirement and, as pertinent to this action, post-retirement benefits to be paid on the January 2 of each year following retirement until death, with a minimum of fifteen (15) payments.

57.     The value of the post-retirement benefits varied according to a strict formula that requires no discretion on the part of the DCP Administrator. The full range of calculating annual benefit payments is contained in Section 6 of the DCP, which is attached hereto as **Exhibit A** and incorporated by reference. By way of example, if an employee left the company for reasons other than death after attaining age 65, the employee would receive an annual benefit of twice the amount of compensation deferred if, at the start of the cycle, he or she was less than age 46; the exact amount of compensation deferred if, at the start of the cycle, he or she was between age 50 and age 52; and half the amount of compensation deferred if, at the start of the cycle, he or she was age 54.

58.     In order to receive the benefits described above, the DCP allowed eligible employees to enter into a Deferred Compensation Agreement ("Agreement") with Stanley Interiors Corporation.

59.     Plaintiffs, among others, entered into such Agreements, which were all boilerplate and expressly incorporated by reference the DCP. They differed only in the name of the party to the Agreement, the monetary amounts deferred, and designation of beneficiaries.

60.     Plaintiffs deferred compensation in varying amounts, and all of their respective "cycles" under the DCP vested.

61.     At varying points in time, Plaintiffs all retired from or otherwise terminated their employment relationship with Stanley Interiors Corporation, which in 1993 changed its name to Stanley Furniture Company, Inc., such that the Plaintiffs became entitled to retirement benefits under the DCP as follows:

a.      Clark is entitled to an annual payment, to be paid on January 2 of each year, of $19,200.00.

b.      Busey is entitled to an annual payment, to be paid on January 2 of each year, of $10,000.00.

c.      Cain is entitled to an annual payment, to be paid on January 2 of each year, of $10,000.00.

d.      Cannaday is entitled to an annual payment, to be paid on January 2 of each year, of $17,000.00.

e.      Cubberley is entitled to an annual payment, to be paid on January 2 of each year, of $10,000.00.

f.      Fulcher is entitled to an annual payment, to be paid on January 2 of each year, of $17,400.00.

g.      Haley is entitled to an annual payment, to be paid on January 2 of each year, of $22,800.00.

h.      Johnson is entitled to an annual payment, to be paid on January 2 of each year, of $27,354.24.

i.      Maddox is entitled to an annual payment, to be paid on January 2 of each year, of $10,000.00.

j.      Payne is entitled to an annual payment, to be paid on January 2 of each year, of $12,000.00.

k.      Perdue is entitled to an annual payment, to be paid on January 2 of each year, of $11,520.83.

l.      Sibbick is entitled to an annual payment, to be paid on January 2 of each year, of $10,000.00.

m.      Smith is entitled to an annual payment, to be paid on January 2 of each year, of $10,000.00.

n.      Teglas is entitled to an annual payment, to be paid on January 2 of each year, of $10,000.00.

o.      Vanore is entitled to an annual payment, to be paid on January 2 of each year, of $22,000.00.

p.      Webb is entitled to an annual payment, to be paid on January 2 of each year, of $34,800.00.

q.      C. Matthews is entitled to an annual payment, to be paid on January 2 of each year, of $17,500.00.

62.     On January 2, 2019, Plaintiffs were surprised to find that, unlike in previous years, they did not receive their annual retirement payments from Stanley Furniture.

63.     On January 15, 2019, Richard Ledger, the CEO of Stanley Furniture Company LLC, sent a letter to all participants of the DCP, including Plaintiffs. Mr. Ledger wrote to "inform you of our intentions to pay the amount owed as part of Stanley Furniture, Inc's deferred compensation plan" and promised to issue payments promptly, specifically by February 15.

64.     By February 15, 2019, Plaintiffs had still not received their annual retirement payments.

65.     That same day, Adam Tilley, President of Stanley Furniture Company LLC, emailed Plaintiffs Cubberley and Busey, indicating that Stanley Furniture Company LLC had "started the process of making the payments" but that "red tape" was slowing down the company's progress.

66.     On February 27, 2019, Mr. Ledger sent a letter to all participants of the DCP, including Plaintiffs, writing that Stanley Furniture Company LLC was unable to make the annual retirement payments owed to Plan participants, including Plaintiffs, "due to unforeseen timing issues."

67.     That same day, Stanley Furniture Company LLC made a partial payment (1/4 or 25%) of the annual retirement payments owed to Plan participants, including Plaintiffs.

68.     In his letter of February 27, 2019, Mr. Ledger promised that Stanley Furniture Company LLC would make additional payments on or before March 15, March 29, and April 14, at which point the payment would be made in full.

69.     However, by the end of 2019, Stanley Furniture Company LLC had paid only 5/8 or 62.5% of the annual retirement payments owed to Plan participants, including Plaintiffs, for that year.

70.     Thus, 3/8 or 37.5% of the 2019 annual retirement payments owed to Plan participants, including Plaintiffs, remains due.

71.     On January 2, 2020, Plaintiffs did not receive their newly due annual retirement payments from Stanley Furniture.

72.     When Plaintiffs attempted to address the issue of the 2019 and 2020 annual retirement payments still owed to them with representatives of Stanley Furniture Company LLC— including Mr. Ledger, Mr. Tilley, and Chairman Walter Blocker—these representatives became evasive and uncommunicative.

73.     On July 14, 2020, Mr. Ledger sent a letter to all participants of the DCP, including Plaintiffs, acknowledging that "communication concerning the deferred compensation plan is long overdue."

74.     In his letter, Mr. Ledger gave no indication that the 2019 and 2020 annual retirement payments still owed to Plaintiffs would be forthcoming in a timely fashion, if at all, nor any indication that the annual retirement payments due to Plaintiffs in subsequent years (2021, 2022, etc.) would be paid as they became due.

75.     Instead, Mr. Ledger merely stated that Stanley Furniture Company LLC would make a small payment to Plan participants, including Plaintiffs, on August 15.

76.     On or about August 15, 2020, Stanley Furniture Company LLC issued small payments to Plan participants, including Plaintiffs, representing just a fraction of the amounts owed to them. Specifically, Stanley Furniture Company LLC provided $500.00 to all Plaintiffs except for Plaintiff Clark, who received a payment of $479.12; Plaintiff Cannaday, who received a payment of $359.44; Plaintiff Haley, who received a payment of $489.92; Plaintiff Johnson, who received a payment of $497.50; and Plaintiff Maddox, who received a payment of $479.17.

77.     As of the date of the filing, Plaintiffs are collectively owed **$347,610.57**, pursuant to the DCP and the individual agreements entered into by Stanley Furniture Company LLC's predecessor and Plaintiffs, which incorporated the DCP. Individually, Plaintiffs are owed the following amounts:

     a.  Clark is owed $25,920.88.

     b.  Busey is owed $13,250.00.

     c.  Cain is owed $13,250.00.

     d.  Cannaday is owed $23,015.56.

     e.  Cubberley is owed $13,250.00.

     f.  Fulcher is owed $23,425.00.

     g.  Haley is owed $30,860.08.

    h.  Johnson is owed $37,114.58

    i.  Maddox is owed $13,270.83

    j.  Payne is owed $16,000.00.

    k.  Perdue is owed $15,341.14.

    l.  Sibbick is owed $13,250.00.

    m.  Smith is owed $13,250.00.

    n.  Teglas is owed $13,250.00.

    o.  Vanore is owed $29,750.00.

    p.  Webb is owed $47,350.00.

    q.  H. Matthews/Matthews Trust is owed $6,062.50.

78.    Stanley Furniture Company LLC has made no indication that the remaining 2019 and 2020 annual retirement payments still owed to Plaintiffs would be forthcoming in a timely fashion, if at all, nor any indication that the annual retirement payments due to Plaintiffs in subsequent years (2021, 2022, etc.) will paid as they become due.

79.    Stanley Furniture Company LLC has essentially repudiated its obligation to make annual payments to Plaintiffs pursuant to the DCP and the individual agreements entered into by Stanley Furniture Company LLC's predecessor and Plaintiffs, which incorporated the DCP.

80.    In the future, and as long as they remain alive, Plaintiffs (with the exception of H. Matthews/Matthews Trust) will be collectively owed **$254,075.07** on January 2 of each year, beginning in 2021. Individually, and as long as they remain alive, Plaintiffs (with the exception of H. Matthews/Matthews Trust) will be owed the amounts indicated in paragraph 61 of this Complaint on January 2 of each year, beginning in 2021.

## The Supplemental Retirement Plan

81.     Stanley Furniture Company, Inc. (then known as Stanley Interiors Corporation) created the SERP, effective January 1, 1990, to restore certain retirement benefits to certain participants in the BRP, including all Plaintiffs except Sibbick, Vanore, and H. Matthews/Matthews Trust[2] ("SERP Plaintiffs"), which were prospectively reduced as a result of certain Internal Revenue Code provisions.

82.     At the time of its creation, the sole administrator of the SERP was an Administrative Committee, to be appointed by Stanley Interiors Corporation's Board of Directors.

83.     On March 2, 2018, Defendant Stanley Furniture Company LLC became Stanley Furniture Company, Inc.'s successor after an asset sale, and thereafter became responsible for the administration of the SERP.

84.     On September 6, 2018, Stanley Furniture Company LLC sold certain assets to Defendant Stone & Leigh, LLC. As part of this sale, Stone & Leigh, LLC took over obligations for the SERP, while Stanley Furniture LLC retained obligations for the DCP.

85.     The SERP provided supplemental retirement income to Participants, including all SERP Plaintiffs, calculated by subtracting the benefit they were entitled to under the BRP from the benefit they would have been entitled to under the BRP without regard to certain Internal Revenue Code provisions. The benefit they were entitled to under the BRP varied according to factors such as average compensation and years of service.

86.     Such supplemental retirement income commenced in accordance with the BRP, which provides that, upon reaching retirement age, participants would receive a benefit payment each month.

---

[2]     C. Matthews was a participant in the SERP. However, due to his death, SERP payments are no longer owed to H. Mathews/Matthews Trust.

87.    At varying points in time, Plaintiffs all retired from or otherwise terminated their employment relationship with Stanley Interiors Corporation, which in 1993 changed its name to Stanley Furniture Company, Inc., such that all SERP Plaintiffs became entitled to retirement benefits under the SERP as follows:

    a.    Clark is entitled to a monthly payment of $215.93.

    b.    Busey is entitled to a monthly payment of $102.12.

    c.    Cain is entitled to a monthly payment of $174.69.

    d.    Cannaday is entitled to a monthly payment of $521.10.

    e.    Cubberley is entitled to a monthly payment of $683.48.

    f.    Fulcher is entitled to a monthly payment of $713.19

    g.    Haley is entitled to a monthly payment of $736.99

    h.    Johnson is entitled to a monthly payment of $760.48

    i.    Maddox is entitled to a monthly payment of $162.30.

    j.    Payne is entitled to a monthly payment of $256.34.

    k.    Perdue is entitled to a monthly payment of $114.36.

    l.    Smith is entitled to a monthly payment of $265.06.

    m.    Teglas is entitled to a monthly payment of $144.26.

    n.    Webb is entitled to a monthly payment of $1,315.63.

88.    Since becoming obligated to make the monthly SERP payments, Stone & Leigh, LLC paid the monthly SERP payment to all SERP Plaintiffs through the payments due for May 2020.

89.    On June 2, 2020, the Manager of Stone & Leigh, LLC, Matthew W. Smith, sent a letter to all participants of the SERP, acknowledging that the monthly SERP payments due at the

end of May 2020 were not made, but offered no indication of when such SERP payments would be made.

90.     In addition to the payments due in May 2020, Stone & Leigh, LLC has failed to make the monthly SERP payments due in June, July, August, September, and October 2020.

91.     Stone & Leigh, LLC has made no indication as to when the May, June, July, August, September, and October 2020 SERP payments will be made or as to when the monthly SERP payments will resume.

92.     All SERP Plaintiffs are collectively owed $36,995.58, pursuant to the SERP, representing six outstanding monthly payments (May through October of 2020). Individually, all SERP Plaintiffs are owed the following amounts, representing six unpaid monthly payments (May through October of 2020):

      a.     Clark is owed $1,295.58.

      b.     Busey is owed $612.72

      c.     Cain is owed $1,048.14.

      d.     Cannaday is owed $3,126.60.

      e.     Cubberley is owed $4,100.88.

      f.     Fulcher is owed $4,279.14

      g.     Haley is owed $4,421.94.

      h.     Johnson is owed $4,562.88.

      i.     Maddox is owed $973.80.

      j.     Payne is owed $1,538.04.

      k.     Perdue is owed $686.16.

      l.     Smith is owed $1,590.36.

        m.      Teglas is owed $865.56.

        n.      Webb is owed $7,893.78.

93.     Stone & Leigh, LLC has essentially repudiated its obligation to make monthly payments to Plaintiffs pursuant to the SERP.

94.     In the future, and as long as they remain alive, all SERP Plaintiffs will be collectively owed $6,165.93 for November 2020 and each month thereafter. Individually, and as long as they remain alive, all SERP Plaintiffs will be owed the amounts indicated in paragraph 87 of this Complaint for November 2020 and each month thereafter.

## CAUSES OF ACTION

### COUNT ONE – VIOLATION OF ERISA - 5,921,214.28)
### (Against Defendant Stanley Furniture Company LLC and Defendant DCP)

95.     Plaintiffs incorporate by reference the preceding paragraphs of this Complaint.

96.     The DCP is an "employee benefit plan" under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002.

97.     Pursuant to the DCP, Plaintiffs were and are entitled to an annual benefit payment in the amounts specified in paragraph 61 of this Complaint.

98.     Plaintiffs' entitlement to benefits under the DCP is subject to enforcement under ERISA, 29 U.S.C. § 1132(a)(1)(B).

99.     Stanley Furniture Company LLC has breached its obligations to Plaintiffs under the DCP by not paying the full benefit owed to Plaintiffs for the years 2019 and 2020.

100.    By its acts and statements, Stanley Furniture Company LLC has further indicated that the benefit owed to Plaintiffs (with the exception of H. Matthews/Matthews Trust) for the year 2021 and subsequent years will not be paid timely, if at all.

101.     Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiffs demand to enforce their rights under the terms of the DCP and recover the benefits due to them under the terms of the DCP, for the amounts indicated in paragraph 77 of this Complaint.

102.     Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiffs demand to clarify their rights to future benefits under the terms of the DCP, for the amounts indicated in paragraph 80 of this Complaint.

103.     Pursuant to 29 U.S.C. § 1132(g), Plaintiffs demand compensation for their reasonable attorneys' fees and costs.

### COUNT TWO – BREACH OF CONTRACT
#### (In the Alternative to Count One)
#### (Against Defendant Stanley Furniture Company LLC)

104.     Plaintiffs incorporate by reference the preceding paragraphs of this Complaint.

105.     Plaintiffs assert this common law claim for breach of contract in the alternative, in the event that this Court finds that the DCP is not an "employee benefit plan" under ERISA, 29 U.S.C. § 1002, and/or that the DCP and the individual agreements entered into by Stanley Furniture Company LLC's predecessor and Plaintiffs, which incorporated the DCP, are not subject to enforcement under ERISA.

106.     The individual agreements entered into by Stanley Furniture Company LLC's predecessor and Plaintiffs, which incorporated the DCP, were valid and binding contracts, in that in consideration for Plaintiffs' deferring certain amounts of their compensation, Stanley Interiors Corporation agreed to provide, among other things, post-retirement benefits to be paid on the January 2 of each year following retirement until death, with a minimum of fifteen (15) payments, for the amounts indicated in paragraph 61 of this Complaint.

107.    Stanley Furniture Company LLC assumed responsibility for the administration of the DCP pursuant to its asset purchase agreement and pursuant to the DCP, which provides: "The terms and condition of this Plan and each Agreement shall enure to the benefit of and bind Stanley Interiors Corporation, the Participants, their successors, assignees, and personal representatives. If substantially all of the assets of the Company are acquired by another corporation or entity . . . then the obligations created hereunder and as a result of the Company's acceptance of Agreements shall be obligations of the successor corporation or entity."

108.    Plaintiffs performed their obligations under the individual agreements when Plaintiffs deferred their compensation and such deferred payments vested.

109.    Stanley Furniture Company LLC breached the individual agreements on January 2, 2019, when it failed to make the payments due to Plaintiffs for that year.

110.    Stanley Furniture Company LLC breached the individual agreements again on January 2, 2020, when it failed to make the payments due to Plaintiffs for that year.

111.    Stanley Furniture Company LLC is in continuing breach of the individual agreements because it has yet to pay the full amount of the payments due to Plaintiffs for the years 2019 and 2020.

112.    Stanley Furniture Company LLC has essentially repudiated its obligation to make annual payments to Plaintiffs pursuant to the DCP and the individual agreements entered into by Stanley Furniture Company LLC's predecessor and Plaintiffs, which incorporated the DCP.

113.    Consequently, for Stanley Furniture Company LLC's breach of contract, Plaintiffs demand as past and present damages the amounts indicated in paragraph 77 of this Complaint.

114.    Plaintiffs, with the exception of H. Matthews/Matthews Trust, further demand future damages in an amount to be determined at trial but no less than $5,000,000.00, collectively.

**COUNT THREE – VIOLATION OF ERISA - 29 U.S.C. § 1132(a)(1)(B)**
**(Against Defendant Stone & Leigh, LLC and Defendant SERP)**

115.    Plaintiffs incorporate by reference the preceding paragraphs of this Complaint.

116.    The SERP is an "employee benefit plan" under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002.

117.    Pursuant to the SERP, all SERP Plaintiffs were and are entitled to a monthly benefit payment in the amounts specified in paragraph 87 of this Complaint.

118.    Such Plaintiffs' entitlement to benefits under the SERP is subject to enforcement under ERISA, 29 U.S.C. § 1132(a)(1)(B).

119.    Stone & Leigh, LLC has breached its obligations to such Plaintiffs under the SERP by not paying the full benefit owed to Plaintiffs in May, June, July, August, September, and October 2020.

120.    By its acts and statements, Stone & Leigh, LLC has further indicated that the benefit owed to such Plaintiffs for subsequent months will not be paid timely, if at all.

121.    Pursuant to 29 U.S.C. § 1132(a)(1)(B), such Plaintiffs demand to enforce their rights under the terms of the SERP and recover the benefits due to them under the terms of the SERP, for the amounts indicated in paragraph 92 of this Complaint.

122.    Pursuant to 29 U.S.C. § 1132(a)(1)(B), such Plaintiffs demand to clarify their rights to future benefits under the terms of the SERP, for the amounts indicated in paragraph 87 of this Complaint.

123.    Pursuant to 29 U.S.C. § 1132(g), such Plaintiffs demand compensation for their reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs respectfully request:

A.        For Count One, collective damages of $347,610.57 (as of the date of this filing), individually for the amounts indicated in paragraph 77 of this Complaint (as of the date of this filing), plus any additional damages which have accrued as of the time of trial, plus prejudgment interest;

B.        For Count One, a declaratory judgment clarifying Plaintiffs' rights to future annual benefits under the DCP, for the amounts indicated in paragraph 80 of this Complaint;

C.        For Count Two, in the alternative to Count One, collective damages of $347,610.57 (as of the date of this filing), individually for the amounts indicated in paragraph 77 of this Complaint (as of the date of this filing), plus any additional damages which have accrued as of the time of trial, plus prejudgment interest, plus, for all Plaintiffs except H. Matthews/Matthews Trust, an amount to be determined at trial, but in any event no less than $5,000,000.00, collectively, for future damages;

D.        For Count Three, for all SERP Plaintiffs, collective damages of $36,995.58 (as of the date of this filing), individually for the amounts indicated in paragraph 92 of this Complaint (as of the date of this filing), plus any additional damages which have accrued as of the time of trial, plus prejudgment interest;

E.        For Count Three, for all SERP Plaintiffs, a declaratory judgment clarifying all applicable Plaintiffs' rights to future monthly benefits under the SERP, for the amounts indicated in paragraph 87 of this Complaint;

F.        Reasonable attorneys' fees and costs, as permitted by 29 U.S.C. § 1132(g); and

G.        For such further relief as this Court deems just and proper.

**<u>TRIAL BY JURY DEMANDED</u>**

Respectfully submitted,

MELVIN CLARK,

JAY N. BUSEY,

KELLY S. CAIN,

JESSE V. CANNADAY,

CHARLES WILLIAM CUBBERLEY, JR.,

CALVERT FULCHER, JR.,

HERMAN ELLSWORTH HALEY,

JOHN W. JOHNSON,

DAVE P. MADDOX,

DOUG I. PAYNE,

WILLIAM G. PERDUE,

WILLIAM A. SIBBICK, JR.,

ROBERT J. SMITH,

ALEXANDER TEGLAS, JR.,

ROBERT ANTHONY VANORE,

LARRY E. WEBB, JR.,

And

JOHN HART MATTHEWS, TRUSTEE OF THE JOHN CRAIG MATTHEWS 1998 IRREVOCABLE TRUST

By:     /s/ Daniel J. Martin
Of Counsel

John P. Fishwick, Jr. (VSB #23285)
John.Fishwick@fishwickandassociates.com
Carrol M. Ching (VSB # 68031)
Carrol.Ching@fishwickandassociates.com
Daniel J. Martin (VSB #92387)
Daniel.Martin@fishwickandassociates.com
Fishwick & Associates PLC
30 Franklin Road SW, Suite 700
Roanoke, Virginia 24011
(540) 345-5890 Telephone
(540) 345-5789 Facsimile

*Counsel for Plaintiffs*