CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
FEB 18 2021
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

| | |
|---|---|
| MELVIN CLARK, et als., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 4:20-cv-00063 |
| STANLEY FURNITURE COMPANY, LLC, et als. | ) ) ) |
| Defendants. | ) ) |

**AGREED PROTECTIVE ORDER**

Upon the parties' request for a Protective Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, with regard to the copying, release, use of, and testimony regarding certain confidential, private, and personal information, records and documentation, and the agreement of the parties, as evidenced by the electronic signatures of their respective counsel to this Protective Order, and finding that there is good cause to do so, this Court hereby ORDERS:

1. Those documents considered confidential shall be designated as such by placing the label "CONFIDENTIAL," or its equivalent, upon the document prior to or at the time of disclosure. Documents so designated shall be treated as confidential and shall be treated in accordance with the further provisions of this Protective Order.

2. Confidential documents and the information contained in them may be used only for the purpose of this litigation, and for no other purpose. Under no circumstances, except those specifically provided for in this Protective Oder, or any subsequent order or written or recorded stipulation of counsel for the parties, shall confidential documents or the information contained in them be given, shown, made available to or communicated to anyone other than the following:

      a.      Court and Court personnel;

      b.      Counsel for the identified parties to this litigation, including staff employees of such counsel as needed in the prosecution or defense of this litigation;

      c.      Identified parties to this litigation;

      d.      Court reporters and videographers who record depositions or other testimony in this litigation;

      e.      Witnesses, as necessary to the litigation of the claims asserted and defenses raised in this case; and

      f.      third-party consultants and independent experts to whom it is necessary that the confidential documents or information be disclosed for the purpose of assisting counsel in this litigation. The following guidelines shall apply to disclosure within this subparagraph (f) category of persons: each such person or entity shall receive a copy of this Protective Order and agree to be bound by this Court's Protective Order.

3.      Prior to disclosure of Confidential material to any person pursuant to paragraphs 2(e) and 2(f), counsel shall inform each such recipient that the material is confidential and may not be disclosed or used except as provided in this Protective Order. Also, prior to disclosure of any confidential material, the recipient shall read this Protective Order and sign a copy of the Confidentiality Agreement attached hereto as Exhibit A and thereby become subject to this Protective Order. A copy of the signed Confidentiality Agreement shall be retained by counsel making the disclosure.

4.      The parties may object in good faith to the designation of confidentiality. Any such objection shall be in writing and sent to the party making the confidentiality designation, and include identification of the documents to which the objection is directed and the grounds for the objection. The parties shall have no fewer than ten (10) days from receipt of the written objection to seek an informal resolution of the dispute, and any party may thereafter apply to the Court for a ruling on the treatment of the documents and the parties shall maintain the confidentiality of the documents unless the Court enters an Order removing the confidential designation.

5.      This order does not automatically seal court records in this case or apply to the disclosure of confidential discovery material at trial. A party shall comply with Local Rule 9 when seeking to file documents under seal. However, prior to filing a Motion to Seal, the parties should confer and agree to appropriate redactions of the material, as an alternative to asking the court to seal entire documents.

6.      With respect to deposition or hearing testimony, any party may designate sworn testimony, a transcript, audio or video recording in this litigation, or any portion thereof, as confidential within fourteen (14) days from receipt of such sworn testimony, transcript, audio or video recording.

7.      Nothing in this Protective Order shall prevent any party from using confidential document at the trial of this action. Before commencement of the trial, the parties shall discuss how confidential documents shall be used and apprise the Court of any issues in that regard.

Confidential documents that are not admitted into evidence shall continue to retain the protections of confidentiality set out in this Protective Order.

8. Nothing in the Protective Order shall constitute any agreement by any party to produce documents or information in discovery not otherwise agreed upon or required by the Federal Rules of Civil Procedure or this Court, any waiver by any party or person of any right to object or seek further protection with respect to discovery in this litigation, any waiver by any party of any claim of privilege or immunity with respect to any document, information, or testimony, or any waiver of the right to object to the admissibility of documents or information.

9. In the event materials are produced which a party believes should have been, but were not, designated as "CONFIDENTIAL," such party may designate such material as "CONFIDENTIAL" by notifying counsel for all parties of this designation as soon as possible. Upon receipt of such notification, all parties shall treat such materials as so-designated, and attempt to recall all materials distributed in any way that would have been inconsistent with the terms of this Order had such documents been so-designated to begin with.

10. Upon termination of this litigation, all documents designated as confidential, including in compilations, digests, or nonexact form, shall be returned to the producing party or disposed of in a manner mutually agreed to by the parties. Counsel of record for the parties may retain their file copies of all court filings, deposition or hearing transcripts and exhibits, and correspondence provided that counsel continues to treat all designated documents and information in the manner set out in this Protective Order. Termination of this litigation shall not relieve the parties or their counsel of the obligation of maintaining the confidentiality and protection of designated documents and information, and this Court shall retain jurisdiction to enforce and/or modify this Protective Order.

Entered: February 18, 2021

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge

25834/8000/9756494v1

## EXHIBIT A

By signing this Confidentiality Agreement, Exhibit A to the Agreed Protective Order between the parties, I hereby recognize and acknowledge that I am subject to and bound by the terms of the Agreed Protective Order. I acknowledge that I understand the terms of the agreed Protective Order and the conditions imposed on me by the Agreed Protective Order, and that I am signing this document of my own free will, voluntarily, and without any form of duress.

Name: _____

Signature: _____

Date: _____

25834/8000/9756494v1