CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 17 2022

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| **MELVIN CLARK,** *et al.*, | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | )    Civil Action No. 4:20-cv-00063 |
| | ) |
| **STANLEY FURNITURE COMPANY LLC,** *et. al.*, | ) |
| | ) |
|     **Defendants.** | ) |

## REPORT AND RECOMMENDATION

Plaintiffs, retired employees of Stanley Furniture Company, LLC, filed this action for past due benefits under the Stanley Interiors Corporation Deferred Compensation Capital Enhancement Plan (the Stanley Deferred Compensation Plan) and the Supplemental Retirement Plan of Stanley Furniture Company, Inc. (the SERP). The district court granted Plaintiffs' motion for summary judgment finding that Plaintiffs are entitled to any accrued, unpaid deferred compensation under the separate plans and to all scheduled future benefits when those benefits become due. The district referred the matter before me to calculate the amounts currently owed to Plaintiffs. Dkt. 125. The parties agree that Defendant Stone & Leigh has paid in full the outstanding monthly SERP payments with simple interest, but Plaintiffs assert that Stone & Leigh is obligated to pay an additional amount based upon an accrual of compound interest on the delinquent payments rather than simple interest. This Report and Recommendation calculates the deferred compensation payments owed by Stanley Furniture, and I further **RECOMMEND** that both Stanley Furniture and Stone & Leigh pay interest on the delinquent payments compounded annually.

I.  **Stanley Furniture Deferred Compensation Payments Owed**

Plaintiffs are retired executives from Stanley Furniture and the beneficiaries of the Stanley Deferred Compensation Plan and the SERP which allowed for the deferral of a portion of their compensation for its payment either in their later working years or during retirement.[1] In 2018, Stone & Leigh purchased several assets from Stanley Furniture accepting the obligations under the SERP. Plaintiffs brought this action claiming that both Stanley Furniture and Stone & Leigh breached their obligations to make the required payments under the respective deferred compensation plans.

At the summary judgment stage, Plaintiffs and Stanley Furniture requests for admission established the amounts due under the Stanley Furniture Deferred Compensation Plan through December 31, 2021. The district court found that Stanley Furniture missed the annual payments due to Plaintiffs on January 2, 2019, but then made payments on March 4, 2019, March 17, 2019, and April 9, 2019, totaling 5/8 of the amount due to each Plaintiff. Stanley Furniture failed to pay the 2020 annual payment when due on January 2, but paid $500.00 due to each Plaintiff on August 15, 2020, and it did not make the payments due January 2, 2021. The parties agreed to the amounts of unpaid deferred compensation due at summary judgment, but now Plaintiffs contend that the payments due to Plaintiffs Cubberley, Jr., Haley, Jr., and Johnson were incorrectly calculated. I have independently calculated the amounts due to these plaintiffs as follows:

---

[1] A fulsome discussion of the facts in this case is set forth in the Memorandum Opinion of Judge Cullen at Dkt. 124. Clark v. Stanley Furniture Co., LLC, No. 4:20-CV-00063, 2021 WL 4787280 (W.D. Va. Oct. 14, 2021).

| Plaintiff Name | Annual Payment | 2019 – 3/8 of Annual Payment | 2020 – Annual Payment less $500 | 2021 – Annual Payment | Total Due Through 2021 |
|---|---|---|---|---|---|
| Charles William Cubberley, Jr. | $14,833.33 | $5,562.50 | $14,333.33 | $14,833.33 | $34,729.16 |
| Herman Ellsworth Haley, Jr. | $19,475.00 | $7,303.13 | $18,975.00 | $19,475.00 | $45,753.13 |
| John W. Johnson | $25,833.33 | $9,687.50 | $25,333.33 | $25,833.33 | $60,854.16 |

Stanley Furniture did not make the annual payment due on January 2, 2022. I calculate the total principal amount of unpaid deferred compensation due to each plaintiff to date by adding the amounts agreed through admissions that were due through 2021 (using the recalculated amounts for Cubberley Jr., Haley, Jr., and Johnson) with the annual payment due in 2022. That yields the following principal amounts due to each plaintiff under the Stanley Furniture Deferred Compensation Plan as follows:

| Plaintiff Name | Annual Payment | Owed Through 2021 | Total Deferred Compensation Owed |
|---|---|---|---|
| Jay N. Busey | $10,000.00 | $23,250.00 | $33,250.00 |
| Kelly S. Cain | $10,000.00 | $23,250.00 | $33,250.00 |
| Jeese V. Cannaday | $17,000.00 | $39,875.00 | $56,875.00 |
| Melvin Clark | $19,200.00 | $45,100.00 | $64,300.00 |
| Charles William Cubberley, Jr. | $14,833.33 | $34,729.16 | $49,562.49 |
| Calvert Fulcher, Jr. | $17,400.00 | $40,825.00 | $58,225.00 |
| Herman Ellsworth Haley, Jr. | $19,475.00 | $45,753.13 | $65,228.13 |
| John W. Johnson | $25,833.33 | $60,854.16 | $86,687.49 |

| Dave P. Maddox | $14,000.00 | $32,750.00 | $46,750.00 |
|---|---|---|---|
| John Hart Matthews | $17,500.00 | $6,062.50 | $23,562.50 |
| Douglas I. Payne | $12,000.00 | $28,000.00 | $40,000.00 |
| William G. Perdue | $11,520.83 | $26,861.97 | $38,382.80 |
| William A. Sibbick, Jr. | $10,000.00 | $23,250.00 | $33,250.00 |
| Robert J. Smith | $10,000.00 | $23,250.00 | $33,250.00 |
| Alexander Teglas, Jr. | $17,583.00 | $41,259.63 | $58,842.63 |
| Robert Anthony Vanore | $22,000.00 | $29,750.00 | $51,750.00 |
| Larry E. Webb, Jr. | $34,800.00 | $82,150.00 | $116,950.00 |
| **TOTAL** | **$283,145.49** | **$606,970.55** | **$890,116.04** |

## II. Defendant Stone & Leigh Monthly SERP Payments

The parties agree that on September 22, 2021 Stone & Leigh paid all accrued and delinquent SERP payments with a simple six percent interest.[2] Smith Decl., Dkt. 118. Thereafter, Stone & Leigh has made regular monthly deferred compensation payments when due. I conclude that Stone & Leigh is not currently indebted to Plaintiffs for unpaid deferred compensation payments. The only issue which remains is whether Stone & Leigh is liable for accrued interest on a compound basis as opposed to the simple interest it has paid.

## III. Compound Interest

The district court awarded pre-judgment interest at the rate of six percent annum on the unpaid amounts due to Plaintiffs. Now, the parties disagree whether pre-judgment interest should

---

[2] Plaintiffs questioned whether Stone & Leigh had paid the correct amounts to Plaintiffs Cannady, Haley, Jr., Johnson, and Smith. Stone & Leigh explained that the differences related to tax withholding to which Plaintiffs now agree. See Dkt. 129, Ex. 1.

4

accrue at a simple or compound rate. I find that Plaintiffs are entitled to pre-judgment interest compounded annually.

"Unless principals of equity counsel otherwise, a court may award prejudgment interest, compounded annually." Crump v. United States Dep't of Navy, 205 F. Supp. 3d 730, 749 (E.D. Va. 2016) (citing Cooper v. Paychex, Inc., 960 F. Supp. 966, 974–75 (E.D. Va. 1997), aff'd, 163 F.3d 598 (4th Cir. 1998)). The purpose of pre-judgment interest is to make a plaintiff whole and to prevent employers from attempting "to enjoy an interest-free loan for as long as it can delay paying." Saulpaugh v. Monroe Cmty. Hosp., 4 F.3d 134, 145 (2d Cir. 1993). Further, this district has routinely found that annual compounded pre-judgment interest is appropriate to make a plaintiff whole. See, e.g., Brown v. Mountainview Cutters, LLC, 222 F. Supp. 3d 504, 511 (W.D. Va. 2016) (awarding pre-judgment interest compounded annually to reflect the "economic reality" that but for a defendant's conduct, the plaintiff could have earned interest on the principal amounts and accumulated interest); Wootten v. Commonwealth of Virginia, No. 6:14-CV-00013, 2016 WL 7496145, at *6 (W.D. Va. Dec. 30, 2016); Lusk v. Virginia Panel Corp., No. 5:13CV00079, 2014 WL 3900325, at *5–6 (W.D. Va. Aug. 11, 2014).

Here, awarding compounded interest is appropriate to make Plaintiffs whole and to ensure that they receive the proper value of their damages suffered. Stone & Leigh has paid all accrued deferred compensation payments, but only provided simple interest on the delinquent payments through September 22, 2021. I find that Plaintiffs are entitled to pre-judgment interest compounded annually on the delinquent Stone & Leigh payments from the date such payments became due through September 22, 2021.

Finally, pre-judgment interest is considered an element of damages which folds into the judgment amount and is awarded as an element of damages. See Mary Helen Coal Corp. v.

Hudson, 235 F.3d 207, 210 (4th Cir. 2000) (citing Osterneck v. Ernst & Whinney, 489 U.S. 169, 175 (1989)). Thereafter, post-judgment interest accrues on the whole amount awarded. See Quesinberry v. Life Insurance Company of North America, 987 F.2d 1017, n. 13 (4th Cir. 1993).

   IV.   **Conclusion**

For the foregoing reasons, I make the following **RECOMMENDATIONS**:

1. Stanley Furniture is liable to Plaintiff for accrued deferred compensation payments under the Stanley Furniture Deferred Compensation Plan in the following amounts:

| Plaintiff Name | Annual Payment | Owed Through 2021 | Total Deferred Compensation Owed |
|---|---|---|---|
| Jay N. Busey | $10,000.00 | $23,250.00 | $33,250.00 |
| Kelly S. Cain | $10,000.00 | $23,250.00 | $33,250.00 |
| Jeese V. Cannaday | $17,000.00 | $39,875.00 | $56,875.00 |
| Melvin Clark | $19,200.00 | $45,100.00 | $64,300.00 |
| Charles William Cubberley, Jr. | $14,833.33 | $34,729.16 | $49,562.49 |
| Calvert Fulcher, Jr. | $17,400.00 | $40,825.00 | $58,225.00 |
| Herman Ellsworth Haley, Jr. | $19,475.00 | $45,753.13 | $65,228.13 |
| John W. Johnson | $25,833.33 | $60,854.16 | $86,687.49 |
| Dave P. Maddox | $14,000.00 | $32,750.00 | $46,750.00 |
| John Hart Matthews | $17,500.00 | $6,062.50 | $23,562.50 |
| Douglas I. Payne | $12,000.00 | $28,000.00 | $40,000.00 |
| William G. Perdue | $11,520.83 | $26,861.97 | $38,382.80 |
| William A. Sibbick, Jr. | $10,000.00 | $23,250.00 | $33,250.00 |

| | | | |
|---|---|---|---|
| Robert J. Smith | $10,000.00 | $23,250.00 | $33,250.00 |
| Alexander Teglas, Jr. | $17,583.00 | $41,259.63 | $58,842.63 |
| Robert Anthony Vanore | $22,000.00 | $29,750.00 | $51,750.00 |
| Larry E. Webb, Jr. | $34,800.00 | $82,150.00 | $116,950.00 |
| TOTAL | $283,145.49 | $606,970.55 | $890,116.04 |

2. Stanley Furniture shall pay pre-judgment interest on the delinquent payments compounded annually from the date each delinquent deferred compensation payment came due, less any amounts paid in 2019 and 2020.

3. Stone & Leigh shall pay prejudgment interest compounded annually on the delinquent deferred compensation payments from the date due through September 22, 2021 less the simple interest on such payment already paid.

The clerk is directed to transmit the record in this case to the Honorable Thomas T. Cullen, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation which must be filed within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual

recitations or findings, as well as to the conclusion reached by me, may be construed by any reviewing court as a waiver of such objections, including a waiver of the right to appeal.

Entered: May 17, 2022

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge